IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALFONSO HUTCHINSON,

      Plaintiff,                         No. CIV S-09-1542 KJM P

      vs.

VINCENT R. MAHER,                ORDER AND

      Defendant.              FINDINGS AND RECOMMENDATIONS

                              /

        Plaintiff, a county jail inmate proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983 together with a request for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

        A court may deny leave to proceed in forma pauperis if it appears from the face of the proposed complaint that the action is frivolous. Minetti v. Port of Seattle, 152 F.3d 1113 (9th Cir. 1998). In determining whether an action is frivolous, the court may "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989).

        Plaintiff alleges that defendant, who represents him on pending criminal charges, "has displayed a lack of diligence and competence and has grossly neglected to prepare for trial." He asks for damages and for an order relieving defendant as his counsel.

1

1   In <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), the Supreme Court ruled a § 1983 action that would necessarily call into question the lawfulness of a plaintiff's conviction is not cognizable unless the plaintiff can show his conviction has been reversed. <u>Id</u>. at 486-87. The Ninth Circuit has extended <u>Heck</u> to pending cases and held that

> a claim, that if successful would necessarily imply the invalidity of the prosecution in a pending criminal prosecution, does not accrue so long as the potential for a conviction in the pending criminal prosecution continues to exist.

<u>Harvey v. Waldron</u>, 210 F.3d 1008, 1015 (9th Cir. 2000).

In addition, a civil rights action may be brought only against a person who is acting under color of state law; a lawyer appointed to represent a criminal defendant does not act under color of state law when performing advocacy functions. <u>Polk County v. Dodson</u>, 454 U.S. 312, 325 (1981); <u>see also</u> <u>Simmons v. Sacramento County Superior Court</u>, 318 F.3d 1156, 1161 (9th Cir. 2003).

For these two reasons, plaintiff's action is frivolous.

IT IS HEREBY ORDERED that the Clerk of the Court assign this case to a district judge.

IT IS HEREBY RECOMMENDED that this action be dismissed.

/////
/////
/////
/////
/////
/////
/////
/////
/////

1    These findings and recommendations are submitted to the United States District
2 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
3 days after being served with these findings and recommendations, any party may file written
4 objections with the court and serve a copy on all parties.  Such a document should be captioned
5 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
6 shall be served and filed within ten days after service of the objections.  The parties are advised
7 that failure to file objections within the specified time may waive the right to appeal the District
8 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

9 DATED:   June 29, 2009.

_____
U.S. MAGISTRATE JUDGE

.

2/md
hutc1542.dism